# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 29, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 12-3299 and 12-3663

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 11-CR-301 |
| NORMA LEONARD-ALLEN and WALTER W. STERN, III, *Defendants-Appellants*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

On July 30, 2013, we issued an opinion affirming the conviction of Norma Leonard-Allen for making a material false statement in a grand jury proceeding in violation of 18 U.S.C. § 1623, and vacating the conviction of Walter W. Stern, III, for money laundering in violation of 18 U.S.C. § 1956(h) and remanding his case for a new trial. See *United States v. Leonard-Allen,* Nos. 12-3299 & 12-3663, 2013 WL 3880216 (7th Cir. July 30, 2013). Leonard-Allen has filed a petition for panel rehearing in Case No. 12-3299, and the government has filed a petition for panel rehearing that raises issues only with respect to Case No. 12-3663. Leonard-Allen did not request rehearing *en banc,* and

no member of the court has independently asked for a vote. The panel has thus voted unanimously to deny Leonard-Allen's petition for rehearing. With respect to the government's petition in Stern's case, the court requested a response from Stern. No member of the court has requested a vote for rehearing *en banc.* The government's petition for rehearing is hereby denied, and the opinion is amended as follows: (1) Part III is withdrawn, and the new Part III below is substituted for it; and (2) at page 13 of the slip opinion, at the end of the second full paragraph in Part IV, the new text set out below is added. In all other respects, the opinion is unchanged.

Part III of the opinion as issued is hereby withdrawn (slip opinion at 9-12), and the following new section replaces it:

### III

Stern challenges a number of the district court's evidentiary rulings, but we review these decisions only for abuse of discretion. *United States v. Gajo,* 290 F.3d 922, 926 (7th Cir. 2002). We begin with his objection to the court's decision to exclude on hearsay grounds his testimony about why he went to the bank. Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). The government contends, and the court ruled, that hearsay responses were called for by the exchange we reproduced above, which included questions about why Stern went to the bank on the day he purchased the CD, whether he planned in advance to purchase the CD, and what he thought was the purpose of his having control over Leonard-Allen's money. This is wrong. We note that the government's lawyer objected so quickly—before Stern could say more than "Well, about three days or so before …"—that nothing had yet been said that either was or was not hearsay. That was not, however, the basis of Stern's response to the government's objection. Stern's lawyer made the legal argument that even if Stern was planning to repeat something that Leonard-Allen told him about why he should go to the bank and purchase the CDs, that kind of out-of-court statement does not satisfy the definition of hearsay. It does not, because Stern would not have been introducing any statement of Leonard-Allen's for its truth. A witness's statement is not hearsay if the witness is reporting what he heard someone else tell him for

the purpose of explaining what the *witness* was thinking at the time or what motivated him to do something. In those circumstances, the out-of-court statement is not being offered as evidence that its contents are true. *Talmage v. Harris,* 486 F.3d 968, 975 (7th Cir. 2007) ("The key issue is … the effect of the [out-of-court statement] on [the party's] state of mind. The truth or falsity of the [statement] is irrelevant to the latter question, and thus [it] did not fall within the definition of hearsay."); *United States v. Hanson,* 994 F.2d 403, 406 (7th Cir. 1993) ("An out of court statement that is offered to show its effect on the hearer's state of mind is not hearsay.") (citations omitted). Indeed, the government concedes in its petition for rehearing that "[i]n hindsight, … the hearsay objections should have been overruled … ." Plaintiff-Appellee's Petition for Panel Rehearing Pursuant to Rule 40 of the Federal Rules of Appellate Procedure at 2 n.1.

Because Stern's attorney clearly stated that he was not offering this testimony for its truth, there was no need for any further offer of proof pursuant to Federal Rule of Evidence 103(a)(2). As the excerpt we reproduced shows, the lawyer said that it was "[n]ot for the truth of the matter asserted, Judge. As to impact on him." Just 24 hours earlier, in his opening statement, counsel had asserted that Stern would testify "that Norma became very concerned when she got the $95,000. That she did not want it to be in her care. She wanted to make sure that Mr. Stern could, if possible, hold the money for her so that she wouldn't give it to her children. So she wouldn't have to concern herself that she, being somewhat of a spender, that the money would start to be depleted." The government complains, nonetheless, that counsel should have made a more formal offer of proof in response to the prosecutor's hearsay objection. This is not a case, however, in which counsel remained silent after the objection was made. Instead, counsel stated that the testimony would be limited to showing the impact on Stern. Although the comment was brief, it was enough under the circumstances to "state a ground for admissibility, inform the court and opposing counsel what the proponent expected to prove by the excluded evidence, and demonstrate the significance of the excluded testimony." *United States v. Peak,* 856 F.2d 825, 832 (7th Cir. 1988). As we said in *Peak,* and we reiterate here, "[t]his court does not require that a formal offer of proof be made or that the grounds

of error be precisely specified. It is enough if the record shows what the substance of the proposed evidence is." *Id.* (internal quotation marks omitted). Stern's lawyer had no intention of showing that Stern's response would have been limited to his own actions, and so there was no need for any offer of proof along those lines. Instead, as he told the court, he intended to show that Leonard-Allen's out-of-court statements were not hearsay because they would not have been introduced to prove the truth of the matter asserted. As we have already noted, such a use of the statements indeed falls outside the hearsay prohibition.

The court's error was not harmless, because the excluded testimony was central to Stern's defense. Stern maintained that he was unaware of Leonard-Allen's bankruptcy when he purchased the CDs. He intended to support that position before the jury by explaining that Leonard-Allen asked him to hold the money in order to help her manage it. This would have explained how he might have purchased CDs with Leonard-Allen's money without any intent to hide the money from the bankruptcy court (or anyone else). This alternate explanation would have made Stern's defense more believable, because it would have offered the jury a theory under which Stern innocently purchased the CDs, rather than making the purchases to launder Leonard-Allen's divorce proceeds. Since this testimony was central to Stern's defense, we cannot be confident "that the same judgment would have been rendered regardless of the error." *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation,* 430 F.3d 432, 439 (7th Cir. 2005); see also *United States v. Peak,* 856 F.2d at 834-35.

Insert the following sentence at the end of the second full paragraph in Part IV of the opinion as issued (slip opinion at 13):

We express no further opinion at this juncture on the question whether this evidence will be admissible at the new trial, either under the co-conspirator exception or some other theory. The answer will depend on the evidence before the court in the new trial.

**IT IS ORDERED** that both petitions for rehearing are hereby **DENIED**.